UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:22-CR-00037-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRIAN W CHAPPELL (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Clarification of Sentence [doc. 55] filed by defendant Brian W. Chappell. Pursuant to a plea agreement, Chappell was convicted in this court of possession of an unregistered firearm, a violation of 26 U.S.C. § 5861(d), and possession of a firearm without a serial number, a violation of 26 U.S.C. § 5861(i). As a result of that agreement, the government dismissed charges for possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute methamphetamine. The defendant was sentenced on February 9, 2023, to 46 months of imprisonment and three years of supervised release. Docs. 43, 44. The court ordered that he be granted credit for time served since March 24, 2022. *Id.* The defendant's sentence was affirmed on appeal. Doc. 54.

The defendant now seeks clarification of his sentence, asserting that the Bureau of Prisons will not credit him with all of the time served before his sentencing date because that time was credited against a state sentence imposed after his federal sentence. Doc. 55. Accordingly, he asks that the undersigned retroactively designate his sentence in this matter as concurrent with the sentence served on his state charges. In response, the supervisory

United States Probation Officer for this division consulted with the Vernon Parish Clerk of Court and determined that the sentence imposed in that court was for drug and firearm possession convictions that were "relevant conduct" to his federal conviction. She has provided the court with the related state court documents, showing that the defendant pled to these charges on August 4, 2023. The presentence report in this matter shows that the narcotics involved in the instant offense (methamphetamine) as well as the location of the seizure (a tow truck) are the same as those at issue in the state conviction.

Section 5G1.3(c) of the United States Sentencing Guidelines advises that, when "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c). Based on the information contained in the presentence report and state court documents, the court adopts the probation officer's finding that the state sentence is for "relevant conduct" to the instant offense.

As for whether the state sentence was anticipated, there was no mention of state proceedings during the sentencing hearing in this matter. *See* doc. 51 (sentencing transcript). The Fifth Circuit has treated a pending state charge as "anticipated" but noted that no authority requires the district court "to apply [§ 5G1.3's] provisions when the likelihood that a future sentence will be imposed is **wholly** speculative." *United States v. Ochoa*, 977 F.3d 354, 356–57 (5th Cir. 2020) (quoting *United States v. McCowan*, 763 F. App'x 369, 371 (5th Cir. 2019)) (emphasis added). Given that the defendant pled to the state charges within six months of his federal sentencing, and the government has not

opposed his request for clarification, the court will treat the state sentence as reasonably anticipated. Accordingly, the Guidelines apply and the court finds no reason to disregard their guidance so that defendant serves consecutive time on sentences arising from this related conduct. The court will amend its prior judgment to clarify that defendant's federal sentence should be served concurrently with the state sentence.

      **THUS DONE AND SIGNED** in Chambers on the 25th day of July, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**